UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| **Jerry Rodriguez**, <br><br> Plaintiff, <br><br> v. <br><br> **Remy Coeytaux**, <br><br> Defendant. | Case No. 3:25-cv-225 |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party. NOTE: the Rule 26(f) meeting must be held in person, by phone, or by video. Email meetings are not permitted.

    The parties met and conferred by video conference on February 4, 2026, at 2:00 p.m. central time. Attorney Jonathan F. Mitchell attended on behalf of Plaintiff Jerry Rodriguez ("Mr. Rodriguez"). Attorneys Christopher M. Odell, Leah Schultz, and Jenna Hudson attended on behalf of Defendant Dr. Remy Coeytaux ("Dr. Coeytaux").

2. List the cases related to this one that are pending in any state or federal court, with the case number and court, and state how the cases are related.

There is one related case pending in state court in Galveston County, Texas. The case is called *Rodriguez v. Garza*, No. 25-CV-1294 (Galveston County). The defendant, Adam Garza, is the estranged husband of Kendal Garza, the purported mother of Mr. Rodriguez's allegedly aborted unborn children. Mr. Rodriguez is suing Adam Garza for wrongful death, alleging that Adam ordered the abortion-inducing drugs from Dr. Coeytaux and then pressured Kendal to ingest them. Dr. Coeytaux is not a party in the state-court case.

3. <u>Briefly</u> describe what this case is about.

<u>Plaintiff's Position</u>: Plaintiff's position is that Defendant Dr. Coeytaux illegally mailed abortion-inducing drugs into Texas that were used to kill Mr. Rodriguez's unborn child. Mr. Rodriguez is suing Dr. Coeytaux for wrongful death under the diversity jurisdiction. Mr. Rodriguez is also seeking an injunction as a qui tam relator under Texas's HB 7 that, if granted, will stop Dr. Coeytaux from illegally sending abortion-inducing drugs into Texas. Mr. Rodriguez is also seeking a permanent injunction to prevent Dr. Coeytaux from countersuing him or his attorneys under the clawback provisions of California's abortion-shield law.

<u>Defendant's Position</u>: Defendant's position is that this case is the latest attempt by Plaintiff's counsel to use the litigation process to impose new restrictions on reproductive healthcare rights in Texas and throughout the United States. Plaintiff Jerry Rodriguez alleges that Kendal Garza is his married lover, and terminated her pregnancy with the assistance of her husband, Adam Garza. Plaintiff alleges that he is the biological father of the fetus allegedly terminated by Mrs. Garza. Plaintiff alleges that Mr. and Mrs. Garza obtained the abortion medications used to terminate

her pregnancy from non-party Aid Access after obtaining a prescription from the Defendant, a physician licensed and resident in California. Plaintiff seeks nominal, compensatory, and punitive damages for wrongful death under Texas law; an injunction under Texas HB 7 restraining Defendant from "distributing, mailing, transporting, delivering, prescribing, or providing abortion-inducing drugs in any manner to or from any person or location in Texas"; and an anti-suit injunction restraining Defendant from bringing a hypothetical future lawsuit under California law.

4. Identify any issues as to service of process, personal jurisdiction, or venue.

   Defendant Dr. Coeytaux has been served. Defendant's initial responsive pleading is currently due March 3, 2026, though Defendant may seek additional time to respond. Defendant may challenge personal jurisdiction and/or venue in his responsive pleading or motion to dismiss.

5. Federal jurisdiction.
   a. Specify the allegation of federal jurisdiction.

   Plaintiff alleges that the Court has jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1367, as the parties are diverse and the amount in controversy exceeds $75,000.00.

   b. Identify the parties, if any, who disagree with the plaintiff's federal jurisdictional allegations, and state their reasons.

Defendant does not agree that the Court has subject-matter jurisdiction over this dispute and intends to challenge the Court's jurisdiction in his forthcoming motion to dismiss.

c. If federal jurisdiction is based on diversity of citizenship and any of the parties is a limited liability entity, please state the citizenship of each of the members of the limited liability entity. When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability and identifying its citizenship. *See Acadian Diagnostic Labs., L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 408 fn.1 (5th Cir. 2020).

None of the parties are limited liability entities.

6. List anticipated additional parties that should be included, and by whom they are wanted.

Plaintiff's Position: No additional parties are anticipated at this time. If discovery reveals that other non-Texas citizens may be liable for the wrongful of Mr. Rodriguez's unborn child, then Mr. Rodriguez may seek to add them as defendants at that time.

Defendant's Position: Defendant's initial responsive pleading is currently due March 3, 2026, though Defendant may seek additional time to respond. Defendant may object that necessary and indispensable parties, including but not limited to Adam Garza and Kendal Garza, have not been joined in the action.

7. List anticipated interventions.

    No intervenors are anticipated.

8. Describe class-action or collective-action issues.

    Mr. Rodriguez is not pursuing classwide relief and is not bringing class or collective-action claims.

9. State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.

    The plaintiff has served his initial disclosures.

    Because Plaintiff did not file his amended complaint until 10 days before the Court's scheduled February 11, 2026 initial pretrial and scheduling conference, Defendant was unable to prepare or serve initial disclosures in accordance with the Court's prescribed timeline. Defendant will serve his initial disclosures within 14 days of the parties' Rule 26(f) conference as required under the Federal Rules.

10. If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.

    The parties are willing to allow the Court to resolve any issue of attorneys' fees on affidavits or declarations.

11. Describe the proposed discovery plan, including:

    a.  Responses to the matters raised in Rule 26(f), including any agreements (and disputes) concerning electronic and other discovery.

The parties are not proposing or requesting changes to the form or requirement for disclosures under Rule 26(a). The plaintiff served initial disclosures on February 3, 2026, and the defendant will serve initial disclosures within 14 days of the parties' Rule 26(f) conference. *See* Fed. R. Civ. P. 26(f)(3)(A).

Plaintiff's Position: Plaintiff contends that discovery may be needed on Dr. Coeytaux's role in shipping the abortion pills that Kendal Garza used to abort Mr. Rodriguez's unborn children, the scope and extent of Dr. Coeytaux's abortion-pill shipments into Texas, and any violations of Texas's HB 7 that Dr. Coeytaux committed or aided or abetted. Discovery may also be needed to identify other individuals who were complicit in Dr. Coeytaux's actions. If the Court promptly enjoins Dr. Coeytaux from countersuing Rodriguez or his lawyers under the clawback provisions of California's abortion-shield law, then discovery should be completed by January 31, 2027.

Defendant's Position: Defendant contends that discovery may be needed on issues related to Kendal Garza's alleged pregnancy, Kendal Garza's actions and communications regarding the alleged abortion, Adam Garza's actions and communications regarding the alleged abortion, Mr. Rodriguez's actions and communications regarding the alleged abortion, Mr. Rodriguez's claim of paternity, and whether Mr. Rodriguez has a basis to assert a claim under HB 7 or otherwise. Defendant may also pursue discovery into other factual matters as they arise.

Defendant opposes Plaintiff's request for a preliminary injunction on California's abortion shield-law and request to bifurcate the case to proceed with the anti-clawback issue before addressing Plaintiff's other claims.

Joint Position: The parties are discussing an ESI protocol and expect to submit a joint proposal to be approved by the court. *See* Fed. R. Civ. P. 26(f)(3)(C). The parties also anticipate submitting a Rule 502(d) order to address the inadvertent production of privileged information. *See* Fed. R. Civ. P. 26(f)(3)(D).

The parties do not intend to limit the scope of discoverable issues beyond the limit imposed by Fed. R. Civ. P. 26(b)(1). *See* Fed. R. Civ. P. 26(f)(3)(B). The parties are not proposing or requesting changes to the limits on discovery imposed by the Federal Rules of Civil Procedure or the local rules. *See* Fed. R. Civ. P. 26(f)(3)(E).

The parties are not requesting that the Court enter orders under Fed. R. Civ. P. 16(b) or 16(c) at this time. As discussed above, the parties intend to submit certain discovery orders for the Court's consideration. *See* Fed. R. Civ. P. 26(f)(3)(F).

b. Any threshold issues—such as limitations, jurisdiction, or immunity—that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.

Plaintiff's Position: Because the clawback provisions in California's abortion-shield law subject Mr. Rodriguez and his attorneys to treble damages for any fees incurred by Dr. Coeytaux in this litigation—even if Rodriguez ultimately prevails on his claims—the plaintiff believes that the enforceability of California's clawback provisions should be scheduled for early resolution. *See* Cal. Civil Code § 1798.300 *et seq.*; Mot. for Prelim. Inj., ECF No. 17.

Defendant's Position: Defendant opposes Plaintiff's proposed sequencing of the issues in this litigation, which is unfair to Defendant and inconsistent with the Federal Rules of Civil Procedure. Defendant does not agree that Plaintiff's anti-suit injunction on the California clawback claims can or should be set for early resolution separate from Plaintiff's wrongful death and other HB 7-based claims. The anti-suit injunction is inextricably entwined with jurisdiction, venue, and other issues that Defendant may raise in his forthcoming motion to dismiss. In the interest of efficiency, Defendant intends to propose a briefing schedule on his forthcoming motion to dismiss and will request that the Court resolve the issues raised in his motion to dismiss—which may be dispositive of the Plaintiff's claims—before the parties brief and argue the preliminary injunction issue related to California's clawback statute.

12. Experts

    a. Are experts needed on issues other than attorneys' fees?

Plaintiff's Position: No.

Defendant's Position: Defendant is investigating the allegations in Plaintiff's amended complaint and reserves the right to retain expert witnesses on any topics necessary to his defense, including but not limited to medical and scientific topics.

    b. If medical experts are needed, identify whether they are only treating physicians or also designated on other issues.

Plaintiff's Position: Medical experts will not be needed.

Defendant's Position: Defendant is investigating the allegations in Plaintiff's amended complaint and reserves the right to retain expert medical, scientific, or

other expert witnesses, including expert treating physicians, or seek discovery from Mrs. Garza's treating physicians.

    c. The date the party with the burden of proof on an issue will be able to designate experts and provide the reports required by Rule 26(a)(2)(B).

The plaintiff will not be designating experts or relying on expert testimony.

    d. The date the opposing party will be able to designate responsive experts and provide the reports required by Rule 26(a)(2)(B).

Defendant anticipates that he will be able to designate expert witnesses and provide expert reports within 30 days after the close of fact discovery, or at another time agreed to by the parties or ordered by the Court.

13. State the date discovery can reasonably be completed.

    <u>Plaintiff's Position</u>: If the Court promptly enjoins Dr. Coeytaux from counter-suing Rodriguez or his lawyers under the clawback provisions of California's abortion-shield law, then discovery should be completed by January 31, 2027.

    <u>Defendant's Position</u>: Defendant opposes Plaintiff's request for a preliminary injunction and opposes Plaintiff's proposal to bifurcate the preliminary injunction claim related to California's clawback statute from the remainder of Plaintiff's wrongful death and HB 7 claims. Defendant agrees that discovery can be completed by January 31, 2027.

14. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    Please see the parties' separate positions set out in answers 11–13 above and below.

15. Specify the discovery beyond initial disclosures that has been undertaken to date.

    Plaintiff's Position: The parties have not exchanged any discovery to date beyond initial disclosures. Because of the clawback provisions in California's abortion shield law, any discovery conducted will expose Rodriguez and his lawyers to treble damages for the time spent by Dr. Coeytaux's lawyers, even if Rodriguez prevails in this lawsuit. For this reason, the plaintiff needs this Court to enjoin Dr. Coeytaux from countersuing Rodriguez or his lawyers under California's clawback provisions before discovery can proceed.

    Defendant's Position: Defendant disagrees with Plaintiff's characterization of California's clawback statute, and opposes Plaintiff's request for a preliminary injunction or a bifurcation of the proceeding to allow the preliminary injunction on California's clawback statute to proceed first and separately from Plaintiff's wrongful death and HB 7 claims.

16. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.

    Plaintiff's Position: Plaintiff's position is that this case is not amenable to prompt settlement or resolution because it turns on novel and untested provisions of Texas and California law.

Defendant's Position: Defendant is not opposed to settlement discussions, but Plaintiff's lack of interest in settlement discussions and determination to use this lawsuit as a vehicle to obtain policy outcomes suggests such discussions are unlikely to be productive.

17. From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.

    Plaintiff's Position: Plaintiff's position is that this case is not suitable for ADR.

    Defendant's Position: Defendant is not opposed to alternative dispute resolution techniques, but Plaintiff's lack of interest in alternative dispute resolution and determination to use this lawsuit to obtain policy outcomes suggests such discussions are unlikely to be productive.

18. With the consent of all parties, United States Magistrate Judge Andrew Edison may preside and hear jury and non-jury trials. Indicate the parties' joint position on a trial before Judge Edison.

    The parties do not consent to trial by magistrate.

19. State whether a jury demand has been made and if it was made on time.

    No jury demand has been made by either side.

20. Specify the number of hours it will likely take to present the evidence.

    Presentation of the evidence should not take more than 40 hours.

21. List pending motions that may be ruled on at the initial pretrial and scheduling conference.

There are no pending motions other than Mr. Rodriguez's motion for preliminary injunction, which was filed on February 2, 2026 (ECF No. 17). Under the default rules, Defendant's response is not due until February 23, 2026, so it will not be ready for ruling at the initial pretrial and scheduling conference.

Defendant's initial responsive pleading is currently due on March 3, 2026, though Defendant may seek additional time. Defendant requests that the Court defer briefing and oral argument on Plaintiff's motion for a preliminary injunction pending resolution of Defendant's forthcoming motion to dismiss. Defendant anticipates making arguments in his motion to dismiss related to the Court's jurisdiction to hear this case. If the Court determines it lacks jurisdiction, it would be improper to take up the issues raised and the relief requested in the preliminary injunction motion. Accordingly, in the interest of efficiency, the Court should not sequence Plaintiff's request for a preliminary injunction on the clawback statute for early resolution.

22. List other pending motions.

The only pending motion is Mr. Rodriguez's motion for preliminary injunction (ECF No. 17).

23. List issues or matters, including discovery, that should be addressed at the conference.

Plaintiff's Position: Whether and to what extent the litigation of Mr. Rodriguez's wrongful-death and HB 7 claims should be postponed until the Court rules on the enforceability of the clawback provisions in California's abortion-shield law. *See* Cal. Civil Code § 1798.300 *et seq*.

Defendant's Position: Defendant has not yet filed his initial responsive pleading. Defendant requests that the Court defer briefing and oral argument on Plaintiff's motion for a preliminary injunction pending resolution of Defendant's forthcoming motion to dismiss. Defendant anticipates making arguments in his motion to dismiss related to the Court's jurisdiction to hear this case. If the Court determines it lacks jurisdiction, it would be improper to take up the issues raised in and the relief requested in the preliminary injunction motion. Accordingly, in the interest of efficiency, the Court should not sequence Plaintiff's request for a preliminary injunction on the clawback statute for early resolution.

24. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments. DO NOT STATE THAT THE DISCLOSURE OF INTERESTED PARTIES WILL BE FILED IN THE FUTURE.

Mr. Rodriguez filed his disclosure of interested parties on July 24, 2025 (ECF No. 6). Defendant filed his disclosure of interested parties on Friday, February 6, 2026.

Respectfully submitted.

/s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
*Attorney-in-Charge*
Texas Bar No. 24075463
S.D. Tex. Bar No. 1133287
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

*Counsel for Plaintiff*

Dated: February 5, 2026

/s/ Christopher M. Odell
CHRISTOPHER M. ODELL
LEAH SCHULTZ
Arnold & Porter Kaye Scholer LLP
700 Louisiana Street, Suite 4000
Houston, Texas 77002-2755
(713) 576-2400 (phone)
(713) 576-2499 (fax)
christopher.odell@arnoldporter.com
leah.schultz@arnoldporter.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

  I certify that on February 5, 2026, I served this document through CM/ECF upon:

CHRISTOPHER M. ODELL
LEAH SCHULTZ
Arnold & Porter Kaye Scholer LLP
700 Louisiana Street, Suite 4000
Houston, Texas 77002-2755
(713) 576-2400 (phone)
(713) 576-2499 (fax)
christopher.odell@arnoldporter.com
leah.schultz@arnoldporter.com

MARC HEARRON
Center for Reproductive Rights
199 Water Street, 22nd Floor
New York, New York 10038
(917) 637-3600 (phone)
(917) 637-3666 (fax)
mhearron@reprorights.org

JENNA HUDSON
Center for Reproductive Rights
1600 K Street NW
Washington, DC 20002
(202) 628-0286 (phone)
jhudson@reprorights.org

            /s/ Jonathan F. Mitchell
           JONATHAN F. MITCHELL
           *Counsel for Plaintiff*