UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

**Jerry Rodriguez**,

Plaintiff,

v.

**Remy Coeytaux**,

Defendant.

Case No. 3:25-cv-225

## DECLARATION OF JONATHAN F. MITCHELL

1.   My name is Jonathan F. Mitchell. I am over the age of 18 and fully competent in all respects to make this declaration.

2.   I have personal knowledge of the facts stated in this declaration, and all of these facts are true and correct.

3.   I represent plaintiff Jerry Rodriguez in this litigation, and I submit this declaration in support of the plaintiff's motion for preliminary injunction (ECF No. 17).

4.   I have been unable to recruit or persuade co-counsel to represent Mr. Rodriguez alongside me in this litigation. I have asked at least five experienced attorneys and trusted friends who have worked with me in previous litigation, but none of them are willing to participate in this lawsuit unless and until a court enjoins Coeytaux from filing clawback lawsuits against the members of Mr. Rodriguez's legal team. It is clear to me that California's clawback law is accomplishing its goal of deterring lawyers from representing clients such as Mr. Rodriguez.

5.   I work as a solo practitioner and I do not employ any support staff.

6. In a case of this sort that presents novel and complex legal issues, it is imperative that the courts have the benefit of a vigorous adversarial presentation. Leaving Mr. Rodriguez with a single attorney is not conducive to that end, especially when defendant Coeytaux is represented by a large and prominent law firm that can deploy a team of lawyers supported by an army of support staff

7. I believe that Mr. Rodriguez's briefing and arguments would benefit from having additional lawyers on this case, especially given the novelty of the issues presented in this litigation. I also believe that enabling other attorneys to join Mr. Rodriguez's legal team will assist the courts in resolving these contested issues.

8. Coeytaux's attorneys try to downplay the harms imposed by California's clawback statute by claiming that Mr. Rodriguez and I can "adjust[] fee structures to allocate risk." Defs.' Opp. to Mot. for Prelim. Inj., ECF No. 31, at 34. But Mr. Rodriguez is indigent and cannot indemnify his lawyers if they get sued under California's shield law.

This concludes my sworn statement. I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 22, 2026

Jonathan F. Mitchell

JONATHAN F. MITCHELL