**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

JERRY RODRIGUEZ                     §
                                    §
     Plaintiff,                     §        C.A. NO. 3:25-cv-00225
                                    §
v.                                  §
                                    §
REMY COEYTAUX                       §
                                    §
     Defendant.                     §

_____

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO
FILE SECOND AMENDED COMPLAINT**

_____

## TABLE OF CONTENTS

**I.     Plaintiff Fails to Acknowledge or Address His Burden of Showing Good Cause to Amend the Complaint Under Rule 16(b).**...................................................................5

**II.     Plaintiff Cannot Demonstrate Good Cause for Seeking Leave to Amend Based on Information He Knew or Should Have Known Well Before His Court-Ordered Deadline.**................................................................................................................ 7

   **A.   Plaintiff Was Not Diligent.**............................................................................ 7

   **B.   Plaintiff's Proposed Second Amended Complaint Is Not Significant.**............. 10

   **C.   Allowing Plaintiff to Sidestep this Court's Deadline Prejudices Defendant.**... 12

**III.    Justice Does Not Require This Court to Allow Plaintiff to Amend the Complaint.**.................................................................................................................. 13

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abrarpour v. United States*,
  2013 WL 3884194 (S.D. Tex. July 26, 2013) ...................................................... 8, 9, 12

*Acad. of Allergy & Asthma in Primary Care v. Quest Diagnostics, Inc.*,
  998 F.3d 190 (5th Cir. 2021) .................................................................................. 14

*Allstate Life Ins. Co. v. Saenz*,
  2016 WL 6909404 (S.D. Tex. Feb. 19, 2016) ......................................................... 1, 6

*Bellard v. Univ. of Tex. MD Anderson Cancer Ctr.*,
  2023 WL 6371028 (S.D. Tex. Aug. 2, 2023) (Brown, J.) .................................. 8, 10, 14

*Dennis v. Fiesta Mart, LLC*,
  2024 WL 197690 (S.D. Tex. Jan. 18, 2024) (Edison, J.) ..................................... 7, 8, 10

*Diamond Services Corp. v. RLB Contracting, Inc.*,
  343 F.R.D. 372 (S.D. Tex. 2023) (Brown, J.) ............................................................ 8, 9

*El Dorado Oil & Gas, Inc. v. Alaniz*,
  2023 WL 4844083 (S.D. Miss. May 17, 2023) ........................................................... 12

*Guarantee Co. of N. Am. USA v. Housing & Land Dev. Corp.*,
  2024 WL 3431339 (S.D. Tex. May 31, 2024) ............................................................... 6

*New Orleans Ass'n of Cemetery Tour Guides & Companies v. New Orleans
  Archdiocesan Cemeteries*,
  56 F.4th 1026 (5th Cir. 2023) ........................................................................... 12, 13

*S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*,
  315 F.3d 533 (5th Cir. 2003) .............................................................................. *passim*

*Shintech Inc. v. Olin Corp.*,
  2025 WL 3763375 (S.D. Tex. Nov. 24, 2025) (Brown, J.) ..................................... *passim*

*SMH Enters., L.L.C. v. Krispy Krunchy Foods, L.L.C.*,
  340 F.R.D. 554 (E.D. La. 2022) ................................................................................. 15

*Smith v. EMC Corp.*,
   393 F.3d 590 (5th Cir. 2004).......................................................................... 14

*Sterling v. U.S.*,
   2020 WL 470232 (N.D. Tex. Jan. 29, 2020) .................................................. 6

*Summit Office Park, Inc. v. U.S. Steel Corp.*,
   639 F.2d 1278 (5th Cir. 1981)....................................................................... 11

*TXCAT v. Phoenix Grp. Metals, LLC*,
   2010 WL 5186824 (S.D. Tex. Dec. 14, 2010)............................................... 11

*Vuoncino v. Forterra, Inc.*,
   140 F.4th 200 (5th Cir. 2025) ...................................................................... 14

**Statutes**

Tex. Health & Safety Code Ann. § 171A.101(d)(3)(E)...................................... 11

**Other Authorities**

Fed. R. Civ. P. 15 ....................................................................................*passim*

Fed. R. Civ. P. 16(b) ...............................................................................*passim*

Fed. R. Civ. P. 54(b) ...............................................................................*passim*

**INTRODUCTION**

More than three months after this Court's deadline to amend, nearly a year after filing suit, and with a motion to dismiss on file for months, Plaintiff Jerry Rodriguez seeks to start over. Without once even mentioning Federal Rule of Civil Procedure 16(b) or its "good cause" standard, which applies to motions to amend filed after the deadline, Plaintiff seeks to add a new plaintiff and bring new factual allegations. Plaintiff offers no excuse for seeking to amend well after the deadline, and his failure to even attempt to show good cause is sufficient on its own to defeat the motion. *See Allstate Life Ins. Co. v. Saenz*, 2016 WL 6909404, at *4 (S.D. Tex. Feb. 19, 2016) ("[The moving party's] failure to address the Rule 16(b)(4) standard suffices by itself to justify denial[.]").

Nor is Plaintiff's failure to address Rule 16(b) a mere technical oversight. Unlike the test that applies to amendments under Rule 15, which focuses on prejudice to the nonmoving party, a motion under Rule 16(b) must be denied unless the movant demonstrates diligence. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Only by pure guesswork could one possibly know why Plaintiff believes he acted diligently. With a Docket Control Order stating the applicable standard on file, Plaintiff has no excuse for wholly ignoring the governing standard in his motion.

Regardless, Plaintiff could not plausibly have satisfied the good cause standard even if he had tried. By his own account, Plaintiff attempts to remedy two of the numerous deficiencies raised in Dr. Remy Coeytaux's motion to dismiss: (1) that his family-violence conviction bars his Texas House Bill 7 ("HB7") claim, which he seeks to address by adding

1

his daughter as a plaintiff, and (2) that his allegation that Dr. Coeytaux intends to violate HB7 is conclusory, which he seeks to address by alleging mailings of drugs into Texas. As to the first, Plaintiff knew or should have known from the outset that his prior family-violence conviction would bar his HB7 claim. As to the second, Plaintiff's proposed new allegations should be rejected because they, too, are purely conclusory and provide no basis on which anyone could possibly believe they are grounded in fact.

Moreover, granting leave to amend would cause real prejudice for Dr. Coeytaux. He has faced a complaint baselessly accusing him of "murder" for nearly a year. A late amendment would force both sides to re-brief every motion in the case—including the motion to dismiss and Plaintiff's fully briefed preliminary-injunction and "Rule 54(b)" motions—and no continuance could recover the time and resources already spent answering these unfounded claims.

The Court should deny Plaintiff's Motion for Leave to File Second Amended Complaint.

## BACKGROUND

On July 20, 2025, Jerry Rodriguez filed his Original Complaint against Dr. Remy Coeytaux, seeking damages for wrongful death and a putative class action injunction based on an alleged abortion that occurred in September 2024. *See generally* ECF No. 1.

On September 3, 2025, the Texas Legislature passed HB7, which purports to create a civil cause of action against out-of-state persons, including physicians, who provide or distribute abortion medication in Texas.

On September 29, 2025, Plaintiff informed this Court that he intended to file an amended complaint with an HB7 claim in "December of 2025." ECF No. 13. Accordingly, the parties agreed and this Court stayed Dr. Coeytaux's response to the initial complaint to allow him to add claims under HB7. ECF No. 13 (joint motion); ECF No. 14 (order). HB7 subsequently went into effect December 4, 2025.

On February 1, 2026—nearly two months after HB7 went into effect and six months after this lawsuit was filed—Plaintiff amended his complaint. Plaintiff dropped his putative class and nationwide injunction claim in favor of two HB7 claims: (1) a new request for injunctive relief, on the grounds that Dr. Coeytaux allegedly "intend[ed] to" violate HB7 in the future, and (2) a claim for an anti-suit injunction to preemptively restrain Dr. Coeytaux from bringing any clawback suit against Plaintiff, his attorneys, or any other person assisting him. ECF No. 1; ECF No. 16 ¶¶ 30, 38–39.

On February 2, 2026, Plaintiff moved for a preliminary anti-suit injunction. ECF No. 17. Plaintiff then filed a "Rule 54(b)" motion on February 10, 2026, asking this Court to enter final judgment on his claim for an anti-suit injunction and permanently enjoin Dr. Coeytaux from filing a clawback suit under California's abortion-shield law. ECF No. 24.

Following an initial conference, on February 11, 2026, this Court entered a Docket Control Order setting February 20, 2026, as the deadline to amend the pleadings and to add new parties. ECF No. 26. After this date, by order of this Court, any motion for leave to amend or to add new parties must demonstrate "both good cause and excusable neglect." ECF No. 26.

On February 19, 2026, the parties submitted a joint briefing schedule on the motion to dismiss and Plaintiff's two anti-suit injunction motions, which put all three motions on the same timeline, and which the Court subsequently ordered. ECF Nos. 27–29. On April 16, 2026, Dr. Coeytaux timely filed his motion to dismiss Plaintiff's first amended complaint. ECF No. 30. Among other things, Dr. Coeytaux's motion established that Plaintiff's prior assault conviction barred his HB7 claim and challenged Plaintiff's conclusory allegation that Dr. Coeytaux intended to violate HB7. *See* ECF No. 30, at 32–33; ECF No. 30-1. The same day, Dr. Coeytaux also timely filed his responses to Plaintiff's preliminary injunction and "Rule 54(b)" motions, which presented arguments that relied on the motion to dismiss and the first amended complaint. *See* ECF No. 31, at 24–26; ECF No. 32, at 12–13.

Plaintiff filed his reply briefs for his motions for anti-suit injunctions on May 15, 2026, and May 22, 2026, after receiving an extension for the latter. ECF Nos. 40–41, 43. These briefs also relied on the first amended complaint and addressed arguments in Defendant's motion to dismiss. *See* ECF No. 40, at 4–12; ECF No. 43, at 2–3.

After the Court granted a one-month extension, Plaintiff's opposition to the motion to dismiss was due June 15, 2026. ECF No. 36. On June 8, 2026—a week before his extended deadline, almost two months after the motion to dismiss was filed, and almost a year after this lawsuit was filed—Plaintiff again sought to postpone his response to the motion to dismiss. *See* ECF Nos. 45–46. This time, Plaintiff sought a stay of his deadline pending this Court's decision on a new motion for leave to file a second amended

4

complaint—more than three months after his deadline to do so had passed. ECF Nos. 46, 26.

On June 9, 2026, this Court stayed Plaintiff's deadline to respond to the motion to dismiss while it resolved Plaintiff's motion for leave to amend. ECF No. 47.

## LEGAL STANDARD

"The Fifth Circuit has 'ma[d]e clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired.'" *Shintech Inc. v. Olin Corp.*, 2025 WL 3763375, at *1 (S.D. Tex. Nov. 24, 2025) (Brown, J.) (quoting *S&W Enters.*, 315 F.3d at 536). The Docket Control Order and "Rule 16(b) require[] a showing of good cause to amend once a deadline has passed." *Id.*; ECF No. 26. "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Shintech Inc.*, 2025 WL 3763375, at *1 (quoting *S&W Enters.*, 315 F.3d at 536).

## ARGUMENT

**I.    Plaintiff Fails to Acknowledge or Address His Burden of Showing Good Cause to Amend the Complaint Under Rule 16(b).**

Plaintiff's motion fails at the threshold: he never once addresses Rule 16(b) and makes no attempt to satisfy the applicable "good cause" standard to amend the complaint after the deadline. The Docket Control Order set the parties' deadline to amend the pleadings and add new parties as February 20, 2026. ECF No. 26. Plaintiff filed this motion for leave to amend on June 8, 2026, well past that deadline. ECF No. 45. Because "[Rule] 16(b) governs amendment of pleadings once a scheduling order has been issued by the

5

district court," Plaintiff must meet the "good cause" standard. *S&W Enters.*, 315 F.3d at 535 (quoting Fed. R. Civ. P. 16(b)(4)). The Docket Control Order reinforces this requirement and states that "a party seeking to amend a pleading must file a motion for leave demonstrating both good cause and excusable neglect." ECF No. 26.

Plaintiff plainly relies on the wrong legal standard. *See* ECF No. 45, at 2 (citing Fed. R. Civ. P. 15(a)(2)). While Rule 15(a)(2) focuses on prejudice to the nonmoving party, Rule 16(b) and the good cause standard require the moving party to establish diligence. *See S&W Enters.*, 315 F.3d at 535–36. Plaintiff's motion is so abbreviated and perfunctory that it should be treated as having waived his arguments that amendment should be permitted under Rule 15(a)(2). *See Guarantee Co. of N. Am. USA v. Housing & Land Dev. Corp.*, 2024 WL 3431339, at *7 (S.D. Tex. May 31, 2024) (noting that inadequate briefing results in waiver of party's arguments). There can be no question that Plaintiff waived any arguments that amendment is permitted under Rule 16(b), because the motion makes no effort to satisfy the good cause standard and Plaintiff does not discuss diligence or otherwise explain why he waited until well after the deadline to seek leave to amend.

Plaintiff's "failure to address the Rule 16(b)(4) standard suffices by itself to justify denial" of the motion for leave to amend. *Allstate Life Ins. Co.*, 2016 WL 6909404, at *4; *see also Sterling v. U.S.*, 2020 WL 470232, at *1 (N.D. Tex. Jan. 29, 2020) ("When a party files an untimely motion for leave to amend and does not address the good cause standard under Rule 16(b)(4), this court typically denies the motion for that reason alone.") (quoting *Wachovia Bank, Nat'l Ass'n v. Schlegel*, 2010 WL 2671316, at *3 (N.D. Tex. June 30,

2010)). Because Plaintiff failed to address or move under the applicable Rule, he did not meet his burden to present "good cause," and the Court should deny his motion irrespective of whatever excuse Plaintiff conjures in his reply brief.

**II.      Plaintiff Cannot Demonstrate Good Cause for Seeking Leave to Amend Based on Information He Knew or Should Have Known Well Before His Court-Ordered Deadline.**

Even if Plaintiff had addressed the Rule 16(b) standard, he could not have met its burden. Under Rule 16(b), the party "seeking to modify the Docket Control Order" has the "burden" of showing "the deadlines could not have reasonably been 'met despite the diligence of the party needing the extension.'" *Dennis v. Fiesta Mart, LLC*, 2024 WL 197690, at *2 (S.D. Tex. Jan. 18, 2024) (Edison, J.), *R. & R. adopted*, 2024 WL 345517 (S.D. Tex. Jan. 30, 2024) (citations omitted). A finding of good cause "should be rare as the clear thrust of the provision is to encourage the early assertion of judicial control to ensure that the parties organize their cases and proceed as expeditiously as possible." *Shintech Inc.*, 2025 WL 3763375, at *1. "The Fifth Circuit has set forth four factors to guide district courts: (1) excuse—or 'the explanation for the failure to timely move for leave to amend'; (2) significance—or 'the importance of the amendment'; (3) prejudice— or the 'potential prejudice in allowing the amendment'; and (4) cure—or 'the availability of a continuance to cure such prejudice.'" *Id.* These factors all weigh against Plaintiff.

**A.      Plaintiff Was Not Diligent.**

To start, the touchstone for evaluating an untimely motion for leave to amend is whether the movant has been diligent: "A party must show 'it has been diligent in pressing its claims but despite its diligence could not reasonably have met the scheduling deadline.'"

7

*Bellard v. Univ. of Tex. MD Anderson Cancer Ctr.*, 2023 WL 6371028, at *4 (S.D. Tex. Aug. 2, 2023) (Brown, J.). "[T]he court may deny the motion if the movant 'knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint.'" *Abrarpour v. United States*, 2013 WL 3884194, at *1 (S.D. Tex. July 26, 2013). This is the "most important factor bearing on the 'good cause' inquiry under Rule 16(b)(4)." *Dennis*, 2024 WL 197690, at *2.

Plaintiff has provided no excuse whatsoever for why he could not reasonably have met the scheduling deadline for either of his proposed amendments. This alone is sufficient to warrant denying the motion. Indeed, this Court and the Fifth Circuit routinely deny motions for leave to amend when the moving party "offered no adequate explanation for [his] failure to comply with the scheduling order." *S&W Enters.*, 315 F.3d at 536; *Shintech Inc.*, 2025 WL 3763375, at *2; *see Diamond Services Corp. v. RLB Contracting, Inc.*, 343 F.R.D. 372, 375 (S.D. Tex. 2023) (Brown, J.). The Court should do the same here.

Plaintiff's lack of diligence is especially egregious as to his attempt to add his daughter to the lawsuit. Plaintiff maintains that he wishes to join his daughter to respond to the "argu[ment]" in "Coeytaux's motion to dismiss" that Plaintiff is statutorily barred under HB7—a bar created by his own publicly available criminal record for family violence. ECF No. 45, at 1; ECF No. 30-1. But Plaintiff certainly knew or should have known at the time that he filed his first amended complaint that his criminal record made him ineligible to bring an HB7 claim. Regardless, adding his daughter as a plaintiff would do nothing to cure Plaintiff's own barred HB7 claim. *See infra* § II.B.

8

Plaintiff also does not establish diligence concerning his request to add allegations that Dr. Coeytaux "has mailed" and "intends to continue mailing" abortion medication into Texas. ECF No. 45-1 ¶ 33. But he fails to allege what these supposed new facts are and "offer[s] no adequate explanation for [his] failure to comply with the scheduling order" regarding this amendment. *See S&W Enters.*, 315 F.3d at 536; *Shintech Inc.*, 2025 WL 3763375, at *2; *Diamond Services Corp.*, 343 F.R.D. at 375. In short, Plaintiff's two stated justifications reveal the motion for what it is—an effort to fix inadequacies using allegations that he "kn[ew] or should have known of" prior to the deadline. *Abrarpour*, 2013 WL 3884194, at *1.

But even if the bases for Plaintiff's amendments formed after his deadline, which Plaintiff has not pleaded, Plaintiff had a duty to investigate his claims so he could allege violations of HB7 from the outset, with supporting factual evidence. *See* ECF No. 16 ¶¶ 11–13. Plaintiff had plenty of time to conduct an inquiry into whether there were any alleged post-enactment HB7 violations that he could assert. As Plaintiff put it, he had "no need to rush the filing of his amended complaint" because the "parties had agreed to stay Coeytaux's deadline to answer the complaint." ECF No. 43, at 8–10. The Court did not conduct an initial conference or enter the Docket Control Order until after he submitted his first amended complaint. *See* ECF Nos. 16 & 26; *see also* ECF No. 14 (staying Defendant's answer). He therefore has no excuse for not exercising diligence to uncover whatever claim he thinks he has against Dr. Coeytaux under HB7 during the Court's unrestricted stay of

9

the case. *Cf. Dennis*, 2024 WL 197690, at \*2–3 (granting a motion for leave to amend where plaintiff could not have identified the proper tortfeasor until after some discovery).

Plaintiff does not present a "rare" case that requires deviation from this Court's schedule. *Shintech Inc.*, 2025 WL 3763375, at \*1. Because Plaintiff has no excuse for why "the deadlines [could not] reasonably be met despite [his] diligence," the "most important factor" weighs against allowing Plaintiff to amend. *S&W Enters.*, 315 F.3d at 535; *Dennis*, 2024 WL 197690, at \*2.

## B.    Plaintiff's Proposed Second Amended Complaint Is Not Significant.

An amendment is significant if it "would change the court's decision to dismiss" plaintiff's claims. *Bellard*, 2023 WL 6371028, at \*5. Plaintiff's proposed second amended complaint does not cure his legally inadequate claims.

Plaintiff's proposed second amended complaint neither addresses nor affects most of the arguments in Defendant's motion to dismiss. According to him, Plaintiff's proposed second amended complaint "makes two (and only two) changes." *See* ECF No. 45, at 1. These changes purportedly address Defendant's arguments that (1) Plaintiff is statutorily barred from bringing an HB7 claim because he has been convicted of family violence, and (2) Plaintiff's factual predicate for his HB7 claim is conclusory. *See* ECF No. 45, at 1–2.

Yet Plaintiff fails to explain how his revisions to the complaint resolve either argument. Adding Isabella Rodriguez does not remedy Plaintiff's standing; Mr. Rodriguez still lacks Article III standing, and he is still barred from seeking relief under HB7. *See* ECF No. 30, at 32; ECF No. 30-1. Without standing, Plaintiff may not add plaintiffs. *See*

*Summit Office Park, Inc. v. U.S. Steel Corp.*, 639 F.2d 1278, 1282 (5th Cir. 1981) (holding that plaintiffs that lack standing cannot "amend the complaint and control the litigation by substituting new plaintiffs"); *TXCAT v. Phoenix Grp. Metals, LLC*, 2010 WL 5186824, at *3 (S.D. Tex. Dec. 14, 2010) (collecting cases). Nor does Plaintiff's motion explain how his daughter is not "act[ing] in concert or participation" with her father in this lawsuit—which also bars her as a plaintiff. Tex. Health & Safety Code Ann. § 171A.101(d)(3)(E). Nor does Plaintiff's bare plea of "aware[ness]" of instances where Dr. Coeytaux allegedly shipped abortion pills after HB7 went into effect satisfy his burden of alleging facts to establish a plausible claim. ECF No. 45-1 ¶ 33.

Even if those revisions did address those arguments, Plaintiff's proposed second amended complaint does not respond to Defendant's numerous other grounds for dismissal. Plaintiff's revisions do not change the fact that Plaintiff lacks standing and failed to state a claim for wrongful death. *See* ECF No. 30, at 9–11, 21–32; *see also* ECF No. 45, at 1 (noting Plaintiff is adding Isabella Rodriguez "with respect to the HB 7 claim" and not the wrongful death claim); ECF No. 45-1. It does not affect the fact that HB7 is an improper *qui tam* statute that cannot confer standing on private citizens. *See* ECF No. 30, at 15–19. Nor does it state a claim or establish standing for Plaintiff or Isabella Rodriguez to seek an anti-suit injunction because there is no allegation of a certainly impending lawsuit under California law. *See* ECF No. 30, at 19–21; ECF No. 45-1. And it does not address the fact that HB7 violates the Texas and United States Constitutions. *See* ECF No. 30, at 33–39.

11

Because his amendments are futile and inadequate to overcome Defendant's motion to dismiss, Plaintiff's proposed second amended complaint is insignificant.

### C.    Allowing Plaintiff to Sidestep this Court's Deadline Prejudices Defendant.

A defendant is prejudiced by an amendment when considerable time has passed since the deadline to amend and when briefing and motion practice is underway. *See Abrarpour*, 2013 WL 3884194, at *2 (finding the defendant was prejudiced because it had "already expended considerable time drafting the dispositive motion based on the existing complaint").

Defendant would suffer substantial prejudice if the Court granted leave to amend. A new complaint would reset all the briefing that has occurred over the last four months. Defendant has already submitted—over two months ago—his motion to dismiss. *See* ECF No. 30. Plaintiff filed preliminary injunction and Rule "54(b)" motions over four months ago based on the first amended complaint, and the parties have fully briefed those motions. *See* ECF Nos. 17, 24, 31–32, 40, 43. Although Rule 54(b) is an improper vehicle, Plaintiff presents that motion as a dispositive motion that allows him to get a "permanent anti-suit injunction." ECF No. 40, at 2–4.

Plaintiff's proposed amendment would require new briefing on those motions. *See New Orleans Ass'n of Cemetery Tour Guides & Cos. v. New Orleans Archdiocesan Cemeteries*, 56 F.4th 1026, 1033–34 (5th Cir. 2023); *El Dorado Oil & Gas, Inc. v. Alaniz*, 2023 WL 4844083, at *3 (S.D. Miss. May 17, 2023). Defendant would have to re-brief his motion to dismiss—notwithstanding that many of the arguments would be the same. And

because Plaintiff's proposed second amended complaint "fail[s] to incorporate the first amended complaint," his preliminary anti-suit injunction and Rule 54(b) motions would be "rendered moot" if the Court granted Plaintiff's motion for leave to amend. *Id.*; *New Orleans Ass'n of Cemetery Tour Guides & Cos.*, 56 F.4th at 1033–34.

On top of delay, permitting a second amended complaint would also require material changes to the briefs. Dr. Coeytaux would need to address the new allegations and new party in his motion to dismiss. Because briefing on Plaintiff's motions relies heavily on the arguments in the first amended complaint and motion to dismiss, those briefs would also materially change. *See* ECF No. 31, at 24–26; ECF No. 32, at 12–13; ECF No. 40, at 4–12; ECF No. 43, at 2–3. Nothing in Plaintiff's post-deadline, unexcused motion for leave justifies Defendant and Plaintiff re-briefing issues after both parties have submitted well over a hundred pages of briefing on multiple dispositive motions over the last four months.

Dr. Coeytaux is further prejudiced by the prolongation of a lawsuit that repeatedly and baselessly accuses him of "murder." ECF No. 1; ECF No. 16; ECF No. 45, at 2; ECF No. 45-1. Dr. Coeytaux deserves resolution on the gateway issue of whether this Court has jurisdiction to hear the case and whether Plaintiff stated a claim for relief. Plaintiff's demand for sweeping relief—including a permanent injunction—while dodging threshold issues confirms that his motion is gamesmanship, not good cause. No continuance would cure the prejudice that results from resetting and prolonging this litigation.

## III.    Justice Does Not Require This Court to Allow Plaintiff to Amend the Complaint.

Even if Plaintiff had presented "good cause," his motion would still fail to satisfy the Rule 15 standard. *See S&W Enters.*, 315 F.3d at 536 (holding the Rule 15 analysis only occurs if the moving party satisfies Rule 16(b)). "Rule 15(a) requires district courts to 'freely give leave [to amend] when justice so requires.'" *Bellard*, 2023 WL 6371028, at *2. "However, a district court's discretion is guided by five factors when determining whether to grant leave: '1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment.'" *Vuoncino v. Forterra, Inc.*, 140 F.4th 200, 206–07 (5th Cir. 2025). When, as here, the plaintiff delays seeking leave to amend the complaint, the burden shifts to the plaintiff to show that the delay was the result of "oversight, inadvertence, or excusable neglect." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). Plaintiff does not address any of these factors, much less satisfy them.

Justice favors denying Plaintiff's motion. Plaintiff waited months after Dr. Coeytaux filed his motion to dismiss to seek leave to amend so Plaintiff could add another baseless allegation and a party that was known to him when he filed his first amended complaint, to "resolve" problems that were likewise known to him at that time. This undue delay is thus not the result of "oversight, inadvertence, or excusable neglect." *Id.*; *see Acad. of Allergy & Asthma in Primary Care v. Quest Diagnostics, Inc.*, 998 F.3d 190, 202 (5th Cir. 2021) ("When parties delay seeking leave to amend for several months after a motion to dismiss is filed, we have held that district courts do not abuse their discretion in denying the request for leave."). Because Plaintiff already knew or should have known the allegations he now

14

tries to add to his complaint, and "[g]iven the apparent futility of the proposed amendments and [Plaintiff's] failure to address certain fundamental" issues of law, "the proposed amendment appears to have been sought in a bad faith effort to obtain a tactical advantage." *SMH Enters., L.L.C. v. Krispy Krunchy Foods, L.L.C.*, 340 F.R.D. 554, 561 (E.D. La. 2022).

Further, as discussed, granting Plaintiff's motion would prejudice Defendant because it would require re-briefing nearly every motion before the Court and would needlessly prolong resolution of gateway issues in a lawsuit that baselessly accuses Dr. Coeytaux of "murder." *See supra* § II.C. And as discussed, Plaintiff's amendments are futile because they do not overcome most of Defendant's grounds for dismissal, nor do they actually cure the defects in his complaint that he claims to address. *See supra* § II.B.

Accordingly, even if Plaintiff could satisfy Rule 16(b), the Rule 15 factors independently bar leave: he would reset the entire lawsuit with cosmetic revisions to a complaint that still fails to state a claim or establish this Court's jurisdiction.

## CONCLUSION

For the reasons provided herein, this Court should deny Plaintiff's Motion for Leave to File Second Amended Complaint.

Dated: June 29, 2026                    Respectfully submitted,

                                        */s/ Christopher M. Odell*
                                        Christopher M. Odell
                                        ARNOLD & PORTER KAYE SCHOLER
                                        LLP
                                        Texas State Bar No. 24037205

15

S.D. Tex. Bar No. 33677
Christopher.Odell@arnoldporter.com
Leah Schultz
Texas State Bar No. 24126910
S.D. Tex. Bar No. 3737066
Leah.Schultz@arnoldporter.com
811 Main Street, Suite 1800
Houston, TX 77002-2755
P: (713) 576-2400
F: (713) 576-2499

Marc Hearron
HEARRON PLLC
Texas State Bar No. 24050739
(*admitted pro hac vice*)
marc@hearronlaw.com
100 Crescent Court
Suite 700, PMB 17265624
Dallas, TX 75201

Jenna Hudson
CENTER FOR REPRODUCTIVE RIGHTS
District of Columbia State Bar No. 1002396
(*admitted pro hac vice*)
jhudson@reprorights.org
1600 K St. NW
Washington, DC 20002
P: (202) 628-0286

**COUNSEL FOR DEFENDANT
REMY COEYTAUX**

16

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2026, the foregoing document was electronically filed with the Clerk of Court for the U.S. District Court, Southern District of Texas, using the electronic filing system of the court.

/s/ Christopher M. Odell
Christopher M. Odell
ARNOLD & PORTER KAYE SCHOLER LLP
Texas State Bar No. 24037205
S.D. Tex. Bar No. 33677
Christopher.Odell@arnoldporter.com